UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| NICOLE KIRKPATRICK | ) | |
| --- | --- | --- |
| Plaintiffs, | ) | |
| v. | ) | No: _____ |
| | ) | JURY DEMANDED |
| GEOFFREY SMITH | ) | |
| TOWN OF ENGLEWOOD, TN ) | | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

COME Plaintiffs Ronald and Nicole Kirkpatrick, by and through their attorney, complain against the Defendants and request trial by jury as follows:

### I. Introduction

1. This is an action brought by the Plaintiffs to vindicate profound deprivations of Plaintiffs Nicole Kirkpatrick's constitutional rights cause by an assault by Englewood Police Officer Geoffrey Smith.

### II. Jurisdiction and Venue

2. This action arises under the Constitution and laws of the United States, including Article III, Section I of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

3. This case is instituted in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain office and/or reside.

### III. Parties

4. At all times relevant hereto, Plaintiffs Nicole Kirkpatrick were residents of the State of Florida and citizens of the United States of America.

5. At all times relevant hereto, Defendant Geoffrey Smith was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as law enforcement officer employed by the Defendant City of Englewood. Defendant Smith is sued individually.

6. Defendant City of Englewood is a Tennessee municipality and is the legal entity responsible for itself and for the Englewood Police Department. The Defendant City was also the employer of Defendant Smith and is a proper entity to be sued under 42 U.S.C. § 1983.

7. Defendant City is properly sued directly under 42 U.S.C. § 1983 for its own and delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

### IV. Statement of Facts

8. On August 30, 2022, the Plaintiff was traveling in her vehicle in the City of Englewood.

9. The Plaintiff was stopped while traveling in her vehicle by Defendant Smith.

10. During this traffic stop Plaintiff was assaulted, battered, and her constitutional rights were violated by the defendants.

11. Plaintiff had done absolutely nothing illegal, to warrant the actions of these defendants. Plaintiff was ordered from her vehicle.

12. Plaintiff, feeling threatened by Defendant Smith refused.

13. Defendant Smith reached in the vehicle, opened the door, and physically attempted to remove Mr. Kirkpatrick.

14. Defendant Smith drew his handgun and ordered Ms. Kirkpatrick out of the car at gunpoint.

15. Plaintiff was reasonably placed in fear of serious bodily injury by Defendant Smith.

16. After forcibly removing Ms. Kirkpatrick from the car, Officer Smith slammed the plaintiff about and further assaulted her.

17. Ms. Kirkpatrick received medical treatment for his injuries, and suffered emotional distress and reasonably feared for their safety as a result of the assault.

18. All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for the Plaintiffs' federally protected rights, and were done pursuant to the preexisting and ongoingly deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant City acting under color of state law.

19. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City has ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

   a. Failing to conduct sufficient training or supervision with respect to the constitutional limitation on the use of force;

   b. By failing to adequately punish unconstitutional uses of force;

   c. By tolerating the use of unconstitutional force;

d. By adopting policy allowing off-duty officers to intervene in citizen affairs without proper training.

20. It is the longstanding widespread deliberately indifferent custom, habit, practice, and/or policy of the Defendant City to permit police officers to use excessive force against individuals when such use is unnecessary and unjust, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose significant risk of injury to the public.

21. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. Injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, great pain and emotional distress, and/or aggravation of pre-existing conditions, loss of enjoyment of life, and loss of consortium.

22. Plaintiff is also entitled to punitive damages on all of his claims against Defendant Smith personally to redress his willful, malicious, wanton, reckless and fraudulent conduct.

V. **Claims for Relief**

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in Violation of the**
**Fourth and Fourteen Amendments**
**(Against Defendant Smith)**

23. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

24. 42. U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

25. Plaintiffs in this action are citizens of the United States and Defendant Smith is a person for the purposes of 42 U.S.C. § 1983.

26. Defendant Smith, at all times relevant hereto, was acting under the color of state law in his capacity as an Englewood police officer and his acts or omissions were conducted within the scope of his official duties or employment.

27. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his and her person from unreasonable seizure.

28. Further, Plaintiff had a clearly established Constitutional right under the Fourth Amendment to be secure in his and her person from unreasonable seizure through excessive force.

29. Plaintiff also had clearly established Constitutional rights under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

30. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

31. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

32. Defendant Smith's action and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of the Plaintiffs.

33. Defendant Smith's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference of the Plaintiffs' federally protected rights. The force used by Defendant Smith shocks the conscience and violated the Fourteenth Amendment rights of Plaintiff.

34. Defendant Smith unlawfully seized Ms. Kirkpatrick by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Ms. Kirkpatrick of her freedom.

35. The force used constituted deadly force in that it could have caused the death and did cause bodily injury.

36. Defendant Smith enSmithd in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiffs' federally protected constitutional rights.

37. Defendant Smith did so with shocking and willful indifference to the Plaintiffs' rights and with conscious awareness that they would cause Plaintiffs physical and/or emotional injuries.

38. The acts and omissions of Defendant Smith were moving forces behind Plaintiffs' injuries.

39. The acts and omissions of Defendant Smith as described herein intentionally deprived Plaintiffs of their constitutional rights and caused other damages.

40. Defendant Smith is not entitled to qualified immunity for the complained of conduct.

41. Defendant Smith at all times relevant hereto was acting pursuant to city custom, policy, decision, ordinance, regulation, widespread habit, usage, or practices in his actions pertaining to Plaintiffs.

42. As a proximate result of Defendant Smith's unlawful conduct, Ms. Kirkpatrick has suffered actual physical and emotional injuries, and other damages and losses as describe herein entitling him to compensatory and special damages, in amounts to be determined at trial. Mrs. Kirkpatrick has also suffered emotional injuries, loss of consortium, and other damages herein entitling her to compensatory and special damages, in amounts to be determined at trial.

43. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42. U.S.C. § 1988, pre-judgment interests and costs as allowable by federal law.

44. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Smith under 42 U.S.C. § 1983, in that the actions of Defendant Smith had been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiffs.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies,**
**Practices, Customs, Training, and Supervision in violation of the**
**Fourth and Fourteenth Amendments and in violation of 42 U.S.C. § 1981**
**(Against City of OEnglewood)**

45. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

46. 42. U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

7

privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

47. Plaintiffs in this action are citizens of the United States and Defendant City is a person for the purposes of 42 U.S.C. § 1983.

48. Defendant City at all times relevant hereto was acting under the color of state law.

49. Plaintiffs had the following clearly established rights at the time of the complained conduct:

   a. The right to be secure in his or her person from unreasonable seizure through excessive force, under the Fourth Amendment

   b. The right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment.

50. Defendant City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

51. The acts or omissions of the Defendant City, as described herein, deprived the Plaintiffs of constitutional and statutory rights and caused other damages.

52. Defendants are not entitled to qualified immunity for the complained of conduct.

53. Defendant City, at all times relevant, was a policy maker for the City of Englewood and its Police Department and in that capacity established policies, procedures, customs, and/or practices for the same.

54. Defendant City developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of the Plaintiffs' constitutional and

federal rights as set forth herein and in other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

55. Defendant City has created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiffs and the public.

56. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

57. The deliberately indifferent training and supervision provided by Defendant City resulted from a conscious or deliberate choice to follow a course of action form among various alternatives available to Defendant City and were moving forces in the constitutional and federal violation injuries complained of by Plaintiffs.

58. As a direct result of Defendant's unlawful conduct, Ms. Kirkpatrick has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Mrs. Kirkpatrick has also suffered emotional injuries, loss of consortium, and other damages herein entitling her to compensatory and special damages, in amounts to be determined at trial.

59. Plaintiffs seek appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above-described ongoing deliberate indifference in polices,

practices, habits, customs, usages, training and supervision with respect to the rights described herein.

## VI. Prayer for Relief

Plaintiffs pray that this Court enter judgment for the Plaintiffs and against each of the Defendants and grant:

A. Compensatory, special, and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial in an amount not less than of $350,000.00;

B. Punitive damages on all claims allowed by law against Defendant Smith and in an amount to be determined at trial;

C. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

D. Pre- and Post-judgment interest at the lawful rate; and, any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted.

NICOLE KIRKPATRICK

/s Troy Bowlin
TROY L. BOWLIN, II, BPR # 025893
2042 Town Center Blvd. Suite 364
Knoxville, Tennessee 37922
(865) 245-2011
troy@tblf-pc.com